UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL A. LORUSSO, ON HIS OWN
BEHALF AND OTHERS SIMILARLY
SITUATED,

Plaintiffs,

v.  Case No. 8:14-cv-00822-EAK-TGW

SUN HOLDINGS, LLC, AND
SUN STEAKS, LLC,

Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Defendants' Motion to Compel Arbitration and Stay the Proceedings (Doc. 41), Plaintiffs' Response to Defendants' Motion to Compel Arbitration and Stay the Proceedings (Doc. 51), and Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Compel Arbitration and Stay the Proceedings (Doc. 64). For the reasons set forth below, Defendants' motion is GRANTED.

**PROCEDURAL HISTORY**

Plaintiffs, Michael Lorusso (also known as Michael Anthony Whitney) and others similarly situated, filed this action on April 8, 2014 in the United States District Court, Middle District of Florida, Tampa Division (Doc. 1). Plaintiffs filed the Amended Complaint on June 19, 2014 (Doc. 7). Defendants, Sun Holdings, LLC., and Sun Steaks, LLC. (hereinafter collectively referred to as "Sun"), filed the Motion to Compel Arbitration and Stay Proceedings (Doc. 41) on November 12, 2014. Plaintiffs filed the

Response in Opposition (Doc. 51) on November 21, 2014.  Defendants filed the Reply to Plaintiffs' Response in Opposition (Doc. 64) on December 19, 2014.  The following facts are set out only for purposes of resolving the Motion before the Court based on the filings of the parties and the complaint.

## STATEMENT OF THE FACTS

Plaintiffs are former employees of Defendants' corporation.  Defendants conduct interstate commerce and operate a nationwide chain of restaurants.  Plaintiffs brought this action alleging overtime wage violations under the Fair Labor Standards Act ("FLSA").  Defendants now move to compel arbitration on all claims.

There were Arbitration Agreements set out in each of Plaintiffs' employment documents.  Plaintiffs each signed the Arbitration Agreement on dates respective to the commencement of their employment.  Plaintiffs also signed a "Receipt of Employment Documents," acknowledging they had been given a copy of the Arbitration Agreement.

The Arbitration Agreement at issue contains the following provisions in relevant part:

> **4. ARBITRATION IS MANDATORY FOR EMPLOYEES**
> **COVERED CLAIMS SHALL BE EXCLUSIVELY RESOLVED BY BINDING ARBITRATION. WHILE BOTH EMPLOYEE AND COMPANY RETAIN ALL SUBSTANTIVE LEGAL RIGHTS AND REMEDIES UNDER THIS AGREEMENT, EMPLOYEE AND COMPANY ARE BOTH WAIVING ALL RIGHTS WHICH EITHER MAY HAVE WITH REGARD TO TRIAL, WHETHER JURY OR NON-JURY, IN STATE OR FEDERAL COURT FOR ANY COVERED CLAIM. EMPLOYEE AND COMPANY ALSO AGREE TO WAIVE ANY RIGHT THEY MAY HAVE TO CLASS ARBITRATION OR CONSOLIDATION OF INDIVIDUAL ARBITRATIONS FOR ANY AND ALL COVERED CLAIMS. THE DECISION OF THE ARBITRATION JUDGE OR FIRM IS FINAL AND BINDING ON ALL OF THE PARTIES. THERE IS NO RIGHT OF APPEAL ON THE MERITS OF THE DIPSUTE TO EITHER A STATE OR FEDERAL COURT.**

> 5. <u>Scope of Arbitration Agreement</u>
>    a. **Claims Covered by This Agreement**
> This Agreement is mutual, covering all claims that Company or Employee may have which arise from:
> (ii)    Any and all claims or controversies concerning or relating to Employee's application with, employment with, or termination from, the Company, including but not limited to, claims for standard wages, overtime wages, or other compensation or benefits due; ... and/or claims for violation of any federal or state statute or common law or regulation.

Doc. 41 Ex. 3.

Despite such agreement, Plaintiffs claim Defendants waived their rights to compel arbitration by failing to file a timely motion. Plaintiffs claim both parties participated heavily in the discovery process and, but for, Defendants' delay, this case would already have been mediated. Furthermore, Plaintiffs argue that the Arbitration Agreements lack the appropriate signatures. As such, Plaintiffs contend this Court, rather than an arbitrator, should determine whether the provisions are valid and binding.

## **DISCUSSION**

The Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In so construing, the FAA "embodies a 'liberal federal policy favoring arbitration agreements.'" *Hill v. Rent–A–Center, Inc.,* 398 F. 3d 1286, 1288 (11th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)).

Whether the parties have a valid arbitration agreement is usually a question for the Court to decide. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). This Court must use the contract law of the state of Florida to determine such issue. *Caley v.*

*Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) (courts apply the contract law of the particular state that governs the formation of contracts).

"Under Florida law, the parties' intent controls. The contract's language is the best evidence of the parties' intent, and a court should look to the contract's plain meaning when interpreting it." *Tranchant v. Ritz Carlton Hotel Co., LLC*, 2011 WL 1230734, at *3 (M.D. Fla. Mar. 31, 2011); see also *Royal Oak Landing Homeowner's Ass'n, Inc. v. Pelletier,* 620 So.2d 786, 788 (Fla. 4th DCA 1993); *Herpich v. Estate of Herpich,* 994 So.2d 1195, 1197 (Fla. 5th DCA 2008). In review of the contract's plain meaning, "one party's promise to submit its claims to arbitration typically provides sufficient consideration to support the other party's promise to submit its claims to arbitration." *Id.* at *4. The existence of "signature[s] is not required." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1369 (11th Cir. 2005).

As required by *Tranchant*, this Arbitration Agreement is binding on both parties. *Tranchant* 2011 WL 1230734 at *3. Furthermore, the Arbitration Agreement specifically covers issues related to standard wages, overtime wages, and other compensation or benefits. Since *Caley* directs that a "signature is not required," this will not be considered. *Caley* 428 F.3d at 1369. Therefore, the "contract's plain meaning" in its dually binding provisions is sufficient evidence of the parties' intent to arbitrate such claims under Florida law. *Tranchant* 2011 WL 1230734 at *3.

Even when there is a valid contract, however, "[w]aiver occurs when both: (1) the party seeking arbitration 'substantially participates in litigation to a point inconsistent with an intent to arbitrate'; and (2) 'this participation results in prejudice to the opposing party.'" *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014)

(quoting *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1365 (11th Cir.1995)).

"When a defendant merely appears in an action and files 'some motions, without response and adjudication,' it is not typically considered substantial participation in litigation." *Harling v. Ado Staffing, Inc.*, 2014 WL 1410519, at *6 (M.D. Fla. Feb. 21, 2014).

Defendants filed a Motion to Substitute Counsel on October 17, 2014 (Doc. 28) and that Motion was granted on October 22, 2014 (Doc. 33). Under new counsel, Defendants filed this Motion to Compel Arbitration (Doc. 41). Prior to this Motion, Defendants merely submitted to a case management report, filed an answer to the complaint, filed the required corporate disclosures, and allowed for various extensions to the case management report. Defendants have not yet deposed any of the Plaintiffs or filed any substantive motions directed at Plaintiffs claims. There is no bright line rule as to what is substantial participation. The Court has to view this case individually and determine if the Defendants' participation should be considered a waiver of the right to arbitrate. The Court has done so and, in light of the aforementioned proceedings, this Court does find that Defendants have not "'substantially participate[d] in litigation to a point inconsistent with an intent to arbitrate.'" *In re Checking Account Overdraft Litig.* 754 F.3d at 1294. Accordingly, it is

**ORDERED** that Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 41) is **GRANTED**. The Clerk of Court is directed to administratively close this case pending outcome of the arbitration proceedings. The parties shall file a status report every six months, starting August 10, 2015, to inform the Court of the progress of the arbitrations.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of February 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record